All right. The next case for argument is Bradshaw v. American Airlines. It is docket 23-5074. Mr. Gray, we are ready for your argument when you're ready to begin. Thank you, Your Honor. My name is Stephen Gray. My co-counsel is Mr. Gary Richardson, who's not here with us. We are here representing Mrs. Antow and Mrs. Bradshaw in this matter. May it please the court, this is a case that we believe has two defendants, Mesa Airlines and American Airlines. And the basic premise of the plaintiff's position is that there was negligence, both in the air and on the ground. So you are still maintaining your claim against American? Yes, sir. We disagree with the court's holding with regard to dismissing the case. But we'd point out to the court that the longstanding case law in the Tenth Circuit is that although the Airline Deregulation Act of 1978 preempted many things with regard to airfares, routes, and service, it did not preempt common law claims of negligence or torts. And we believe that the facts in this case would justify that. The court bases part of its dismissal on the O'Donnell case. And the O'Donnell case is very interesting because in that case, there was an inebriated passenger who served some further alcoholic drinks, got off the plane, got in a car, was in a car accident where he was killed along with five other people. In that instance, you had a state actor, the New Mexico Beverage Control Commission, that had passed some regulations and statutes, or regulations rather, trying to mandate what type of service in terms of alcohol service and what type of training the flight attendants were to have. The O'Donnell case clearly held that that was preempted and struck down what New Mexico was trying to do. Here, we don't have a state actor. We have two individual actors. And the difference in the facts in this case that we do believe there were facts in the evidence that came from the defendant's pleadings in their motion for summary judgment and in their attachments, the affidavit of Captain Omar Aquino, as well as the statement of one of the flight attendants. Before there was a- Well, counsel, can I- Shirley. Ask you to go back. I guess I'm not following your distinction of our O'Donnell case because, I mean, there we basically said there is field preemption of airline safety, period. This case clearly involves airline safety, which means that we look to federal regulations for the standard of care. And as far as I can see, you never even have, to this day, cited any federal regulations that govern the standard of care. Why can't we just stop there? Why even go to your arguments when your complaint doesn't suggest there are any controlling federal regulations here? Judge Moritz, I think the issue is not so much federal regulations as much as, under the previous case, I believe it was Piper versus Cleveland, or the Cleveland case, that said that common law claims for negligence of tort were not preempted at all. I understand the claims aren't preempted, but we're talking about what standard of care governs. And that's what the district court very clearly relied on O'Donnell for. That's what we said in O'Donnell. Correct. So you've got to look to the federal standard of care, federal regulations for that, and you don't, is what I'm saying. So can we just stop there? Do we have to suggest what federal regulations would apply? Well, I think in this instance, Your Honor, there are facts that the lower court did not consider in this that, I think, go to the standard of care. I'm not talking about facts right now. I'm talking about what standard of care that you've asserted applies. And I don't believe you ever asserted anywhere that a federal regulation standard of care applies. Well, I think it would be a safety for the passengers, Your Honor, because we believe that that was what was breached, both in the air and on the ground. Is that a federal? Are you saying that's a federal standard of care? Or are you trying to say that some state standard of care has been breached? I believe a state standard of care was breached, Your Honor. But I think implicit in the federal airlines regulation is for the safety of the passengers. And so I'm just. The standard is a careless and reckless disregard. Yes. Careless and reckless standard of care. It's CFR 14 CFR 91. Correct. That's the standard. But what I'm saying is you've never alleged that standard to the state. You've never tried to apply that standard. You're applying a state standard, which is what we've said you can't do with field preemption. Your Honor, whether it is a state standard or a federal standard, we still believe that that standard was missed. And it was failed on behalf of the airlines, Your Honor. So are you conceding that it's 91.113 that applies? And now you're saying that one was violated? Your Honor, I don't have that specific statute in front of me. Well, it's a regulation that, and it's really short. Aircraft operations for the purpose of air navigation. No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another. In other words, the standard of care. Then I would agree that there is a federal standard of care that I think the state standard of care would track with, Your Honor. Well, track with. Do you agree that the federal standard is the standard that is applied here because of preemption, based on what the district court said? How do you contest what the district court said? Tell us how district court heard. Thank you, Your Honor. I think in that instance, you have to go to the Cleveland case, Your Honor, which does hold that there is preemption with regard to routes, service, and to airfares. But it did not preempt the negligence. And there's- You're talking ADA? ADA, yes, Your Honor. What about FAA? That's your first hurdle, isn't it? The Federal Aviation Administration? Yes, and the preemption under that. Again, Your Honor, I- Which Judge Moritz provided you the case, as well as others. OK. I don't know that- I don't believe that the court of- this Tenth Circuit Court has totally preempted the negligence claim that we have, Your Honor, with regard to what Judge Moritz was saying. I do believe that there is an FAA standard that is correct, but there's still a common law standard of care that we believe was breached, Your Honor. Based on what? Based on the Cleveland case, Your Honor, which the O'Donnell case did not overrule and did not circumscribe. So are you back to ADA? I would be back to ADA, yes, Your Honor. So let me just jump in. So are you arguing that under the Cleveland case, there are still common law claims that you can bring? Yes. And that the U.S. Airways didn't take that away? The U.S. Airways case being the O'Donnell case. I'm sorry, yes. I would agree with that. I don't think the O'Donnell case eliminated that at all. I think the O'Donnell case where they preempted was based on the state actor being the state of New Mexico, trying to pass regulations on how to train flight attendants and on how to regulate alcohol service, which clearly violated the FAA and the Airline Deregulation Act. And because here, there's no statute involved, you're saying that's the distinction? Yes, Your Honor. Thank you. With regard to the factual distinction that we think we have here, in the facts, there was a flight attendant that was experiencing oxygen deprivation and dizziness. And she walked back to talk to her co-flight attendant. He didn't appear to be experiencing the same thing. And she walked back to her station and sat down. And in her statement, she observed that the passengers were dealing with the air vents, turning them on. And she even says in her statement, something was wrong. Then at some point, there was also an emergency flight light sensor that went on and then shut off. And this occurred before the flight descended 19,000 feet. Now, in the affidavit of Captain Aquino, he talks about it was a controlled descent. But that controlled descent was 3,800 feet per minute of going down. Our clients believe that that was almost a hazardous nosedive type situation. And they were even texting their family members that this was it. But in addition, the cockpit filled with smoke due to some sort of improper malfunction within the system. But there was no communication with the, no statement to the passengers until they got down to 19,000 feet. Excuse me, they went down to 10,000 feet by Captain Aquino. But there had been some time from the time that the flight attendant had noticed there was a problem. The light sensor had gone off. There was no communication to the passengers. Under the Abdullah case. Counsel, this was a summary judgment motion, wasn't it? Yes, it was, Your Honor. So you had discovery. Did you have an expert on either of these issues as far as the standard of care deviation, regardless of what standard of care we're applying here? Your Honor, we did have a expert in reserve as a rebuttal witness. OK, but you seem to be relying on your two passengers' knowledge of what they think should have been the appropriate time for the pilot dealing with this emergency to inform the passengers. I mean, doesn't that require some expert testimony to establish that there was a deviation from the standard of care? I don't question that, Your Honor. I'm just saying that I think that the Abdullah case may apply here based on what occurred factually. What was the Abdullah case? The Abdullah case was a situation where a airline pilot failed to communicate in a timely manner or at all, I believe, to the passengers what was going on. And the court held that that was reckless conduct and careless. And then there was no communication at all in that case. There was no communication. Sometime after the fact, yes, Your Honor. In addition, that's with regard to Mesa Airlines. But there's a second defendant. And that's American Airlines. Captain Aquino radioed to the air traffic controllers that they had a problem. And so they had to divert from going to Dallas and land in Atlanta. When they landed on the ground, there was no type of medical protocols, medical treatment, or anything provided by American Airlines to the traumatized passengers. There was no medical personnel to make sure that their health was OK or that they would have any type of need for assistance emotionally, even in the school shooting cases. Well, first of all, step back. What's the basis for any liability against American Airlines? How does a plaintiff sue American Airlines when they are not even, I mean, they indemnify, essentially, Mesa here. But they're not, how are they even a party, I guess I'm asking. They're a party. They're a party because they landed, at that time, there was some sort of joint agreement with the Mesa and American Airlines. They landed at American Airline gate. American Airlines knew that they were coming. There was no assistance, medically or emotionally, provided. The district court went through this in detail and said, nothing had alerted American that there was any problem. And in fact, after the aircraft landed, nobody had a problem. Your Honor, I don't believe how, let me just put it this way. It's like a person who's in a car accident, and they get out of the car, and the first thing they're asked is, are you OK? And they say, I'm OK. They may be in such a state of shock, they really don't know what their medical condition is. And I think that was the case here, from this traumatic event of American Airlines had no one on the ground that had any kind of medical training that we were able to discern. So with regard, that's a very good question. But when you weigh the equities between a big corporation like American Airlines, as opposed to two individuals who don't experience, don't know what it's like to go through a traumatic experience of an airline emergency, I think they were in a better position to provide assistance and service on the ground, which did not occur. Let me ask you about Abdullah real fast, because that's one of the big cases. And it says that state and territorial standards of care and aviation safety are federally preempted. And then it leaves open the remedy, as does the district court in our case. So it looks like the district court's following Abdullah, and that that's what your opposing counsel is asking us to do, and yet you're citing it. I'm confused. Again, Your Honor, the Abdullah case, I think it is factually distinguishable from the standpoint that there was no communication by the pilot. But I think the delay in communicating to the passengers in this case, I think that does fit under the Abdullah holding, Your Honor. OK, thank you. Other questions? Thank you, sir. Good morning, Your Honors. Craig Bouchon and Timothy Spencer from McAfee and Taft representing the defendant's appellees, Mesa Airlines and American Airlines. The district court opinion in this case on summary judgment should be affirmed. It correctly found that plaintiff's claims are preempted under the FAA and its regulations. And based on the record, that is before the court today, the district court properly determined that defendant's actions on the subject flight complied with the applicable federal standards, the applicable standard of care, which is a federal standard of care, and its own procedures that are, I should mention, approved by the FAA. There were no issues of disputed fact despite counsel's argument as presented today. I would also urge the court that to reverse the district court here would require this court to step back from what is finding precedent in the US Airways versus O'Donnell case. The district court got it right, and this court should affirm it. Does O'Donnell cover it? Or do we have to go a little further than O'Donnell? We've got to go a little further back than O'Donnell. And let me direct this court to Abdullah, Third Circuit. Let me direct this court to Green, cited in the brief, Sixth Circuit. And let me also direct this court to Montalvo, Ninth Circuit. All of those cases predate the US Airways versus O'Donnell case. Those circuits already did a very comprehensive field preemption analysis, which is exactly what the district court did here, and which is exactly what should be applied. Abdullah, I'll start there. Federal law establishes the standard of care in the field of aviation safety. State standards of care are federally preempted. In determining the federal standard of care, you must refer to specific federal regulations. And your honors, we know there are hundreds of federal regulations implemented by the FAA to govern the field of aviation safety. When a specific FAR doesn't apply, and sometimes that's the case, that's when the careless and reckless standard, the 91.13, is implicated. It's the general federal standard of care. Montalvo, Ninth Circuit, same holdings. The district court dismissed the failure to warrant claim in that case based on a field preemption analysis. And that's because the FAA preempts the entire field of aviation safety. Here, that's exactly what the district court did. It first relied on the case from the Tenth Circuit, the O'Donnell case, and all of the cases that I've just gone through in support of finding that the federal regulations govern as does the federal standard of care. And I would also point out, your honors, based on the scouring of this record, there hasn't been any articulated violation of a federal standard. There hasn't been a claim presented in this case that they violated the general standard of care, the reckless and careless standard under 91.13. So in moving for summary judgment, Mesa Airlines and American Airlines moved based on the application of the federal standards of care. And the court correctly applied those standards to this case. The plaintiffs in this case allege that the district court applied the wrong standard. We disagree. We don't think, and we didn't ask the court or make any argument to the district court with respect to the ADA. As Abdullah points out, on the very ADA preemption argument that the plaintiff is trying to make, ADA preemption is in opposite to resolving preemption questions related to the safety of air operations. So it's inapplicable here. What is applicable is the FAA, its regulations, and its standard of care. Counsel, while you take a break there, can I ask you, what do you think the role of state law is, if any? Or is there no role in your view? In our view, we believe that as it relates to air safety, there is no room for state negligence laws. And let me also answer that question based on just presenting the court with a policy argument. From a policy standpoint, federal preemption regarding regulation of aviation safety makes complete sense, if you think about it. This flight starts in North Carolina. At some point from North Carolina to its destination, which is Dallas, Texas, there is, and it's undisputed, Your Honors, that this was an in-air emergency. This is not a situation where we have an Abdullah, where the captain actually knew there was a weather event. And he puts the seatbelt sign on, he goes back, and he talks to the flight attendants. That's not what we have here. What we have here is an in-air emergency that happened somewhere between North Carolina and Texas. The plaintiffs here are not advocating that North Carolina state law should apply. They're not advocating that where the plane landed, Georgia law should apply, nor some unknown state where the in-air emergency occurs, right? We don't even know what state law would apply or state negligence claim would apply because we don't know exactly where the plane was when the undisputed air emergency occurred. And the plaintiffs aren't even asking for Texas law to apply. They're asking for Oklahoma state law. It's a little bit unclear, to be frank, what exactly they are arguing this court should apply. At some point in the pleadings, they're arguing that the Oklahoma Common Carrier Act should apply, but that's simply because that's where the plaintiffs are from and that's where they were when they bought their ticket. So if field preemption isn't applied to a case like this, then we'd have aviation standards from all 50 states and we would have a, you know. I appreciate your policy argument, but could I get you back to just our case law? Just, I mean, tell me what you think is left of our Cleveland case. State tort remedies. That's what's left. So there is a role for state law. As it relates to the remedy, not the standard of care, Your Honor. Okay, so how would that work in this case? I understand in your perspective it has not worked, but how could it work in this case? Well, you would apply the federal standards. One, was there a federal standard breached? Was the applicable 91.13 standard breached? And if so, if we got that far, then you could apply a state court remedy. And I think that's where we are right now in light of American Airlines, excuse me, U.S. Airways versus O'Donnell and Cleveland. I think that's how, and the district court addressed that in the order, right? That this doesn't leave the state court remedy, right? It keeps it intact. It just applies the federal standards as it relates to the duty owed. So you're saying they just never get to the state law remedy because they don't. Correct. But what are the different state law remedies that states may disagree on? Can you give us examples? If you're in state X, you have this remedy. If you're in state Y, you don't. In terms of what each state would. What does it mean when it says you still have your state remedies? I think potentially your damages, your medical bills, your pain and suffering, those are your remedies. But in terms of the applicable standard as it relates to what is the pilot's duty under the applicable regulations, that's where the federal side of it is front and center, as I've already outlined. I want to address. I want to clarify. Yes, Your Honor. Once the district court said, yes, federal preemption applies here, and it considers the particular regulation that we've discussed in the standard of care, the federal standard of care under the FAA, and then it goes through the facts and says, well, this doesn't meet that standard of care. Isn't that what the district court did in respect to the two different claims? I'm kind of confused now. Whether you're arguing that the district court could have just stopped at some point and never considered the facts here? Well, I think that, well, first of all, as it relates to the facts, the district court did consider the facts. And I should remind the court that the 44 undisputed material facts as presented by the defendants were not properly responded to, and the district court deemed those admitted, right? So the district court, in her opinion, addressed the new facts that plaintiff brought up in response to summary judgment. And those facts are in the record and the district court properly in applying the federal standards and the federal standard of care to those new facts properly determined. There was no issue of fact, and part of that was because the only thing in this naked record that has been presented to this court by the plaintiffs and as cited to by plaintiffs in the record are the uncontroverted affidavit of the pilot and the expert report of the defendant. So that's the record before- Do they even have their own affidavits? No, the plaintiffs in this case did not take- There really was no discovery then. Correct, they didn't take corporate representative depositions, they didn't take any depositions, there isn't an expert. So the district court evaluated all that, but you have to appreciate that the district court can only look at the record before it, and as can this court, right, in evaluating the alleged facts. Well, I guess I'm asking you, I understood your argument to be, and maybe I misunderstood it, since the plaintiffs don't even concede, at least in their briefing, that the Federal Aviation Regulation Standard of Care applies, and have never cited it or relied upon it, and continue not to agree to that at the appellate level, why are we even applying that to any set of facts, whether they're new facts or old facts, or, you see what I'm saying? I'm not quite following you, Judge. Maybe it's not making sense, I guess. Isn't the first job of the plaintiff here to say, what is the standard of care? I agree. And to this day, the plaintiffs don't agree that the standard of care is under the federal regulations, correct? Before I walked into the courtroom today, that was my understanding, but in listening to questions that were- Up to this point, they don't agree, so why are we, I'm asking, as an appellate court, we can resolve this question of which standard of care applies, and we can either agree or disagree with the district court, but if we agree with the district court, why do we go on and consider the facts here, as the district court did, when we don't even have the plaintiffs themselves applying this standard of care? Do you see what I'm saying? Isn't that a preliminary issue? I thought you were arguing that, but maybe not. Well, I think that the plaintiffs have argued a dispute of fact, and I was attempting to address the dispute of fact. I get that. You're saying, if the plaintiffs can't even agree that the standard of care applies under the Federal Aviation Act, Then why are we talking about the handbook and the check? I would agree. I thought you were arguing that in your briefing, but I don't see you arguing it today. You seem to suggest that you've basically waived that argument. No, I- By arguing to the district court, gee, go ahead and apply the federal reg, even though they're not arguing it. Well, we asked the court to apply the federal regulations and the federal standard of care. Right, so did you waive this argument that I'm talking about? I don't believe so. Okay. So, for all of the reasons in the briefing of appellees, and for the arguments presented today, we'd ask this court to affirm the district court's finding of summary judgment in favor of the defendants. Thank you. Is there time? Is there time? I'm still gonna give you one minute, but I'm gonna hold you to it, because I don't want you going home thinking if I'd have had one more minute. That's very gracious of you, Your Honor. Your Honor, distinguished panel of judges, whether it's a FAA standard or whether it's a tort claim standard, there was some duty of care that was violated. That's our position. Before you move on, though, can you address the question of whether you made an allegation of the violation of the federal standard? Does your complaint- I would stand on our amended complaint, Your Honor. I think there's a reference to a lack of care offhand. I don't recall if it says a federal standard or a state- I know we did a state standard. I don't recall it being a federal standard, but I will stand on what the pleadings are, Your Honor. Okay, thank you. We believe, whether it's a federal standard or a state standard, that there was some sort of duty of care that was breached. And we do believe that there were facts in the record that indicated that. And as I said early on, there was a negligence that occurred in the air as well as on the ground from two different defendants. Thank you, Your Honor. Thank you. Appreciate your courtesy. Thank you both for your arguments, very helpful. The case is submitted and counsel are excused.